MAS-20040909
meehanke

Commonwealth of Massachusetts
PLYMOUTH SUPERIOR COURT
Case Summary
Civil Docket

05/05/2005
02:42 PM

# PLCV2004-01536
# Fitzgerald, Building Inspector & Zoning Officer Town of Norwell et al v Pan et al

| | | | |
|---|---|---|---|
| **File Date** | 12/27/2004 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 05/05/2005 | **Session** | B - Civil B - CtRm 1 (Plymouth) |
| **Origin** | 1 | **Case Type** | E99 - Miscellaneous |
| **Lead Case** | | **Track** | X |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 03/27/2005 | **Answer** | 05/26/2005 | **Rule12/19/20** | |
| **Rule 15** | | **Discovery** | | **Rule 56** | |
| **Final PTC** | 06/25/2005 | **Disposition** | 07/25/2005 | **Jury Trial** | No |

## PARTIES

| | |
|---|---|
| **Plaintiff**<br>Timothy J. Fitzgerald, Building Inspector & Zoning Officer Town of Norwell<br>Active 12/27/2004 | **Private Counsel 561397**<br>Robert W Galvin<br>10 Enterprise Street<br>Suite 3<br>Duxbury, MA 02332-3315<br>Phone: 781-934-5678<br>Fax: 781-837-1030<br>Active 12/27/2004 Notify |
| **Plaintiff**<br>Town of Norwell<br>Active 12/27/2004 | |
| **Defendant**<br>Hiram N. Pan<br>Served: 03/23/2005<br>Answered: 04/11/2005<br>Answered 04/11/2005 | **Private Counsel 556712**<br>Hiram N Pan<br>Gadsby Hannah LLP<br>225 Franklin Street<br>22nd floor<br>Boston, MA 02110-2811<br>Phone: 617-345-7000<br>Fax: 617-345-7050<br>Active 04/12/2005 Notify |
| **Defendant**<br>Susan Pan<br>Served: 03/23/2005<br>Answered: 04/11/2005<br>Answered 04/11/2005 | *** See Attorney Information Above *** |

MAS-20040909
meehanke

Commonwealth of Massachusetts
PLYMOUTH SUPERIOR COURT
Case Summary
Civil Docket

05/05/2005
02:42 PM

## PLCV2004-01536
## Fitzgerald, Building Inspector & Zoning Officer Town of Norwell et al v Pan et al

| | |
|---|---|
| **Plaintiff/counterclaim**<br>Hiram Pan<br>793 Main Street<br>Norwell, MA 02061<br>Active 04/19/2005 | *** See Attorney Information Above *** |
| **Plaintiff/counterclaim**<br>Susan Pan<br>793 Main Street<br>Norwell, MA 02061<br>Active 04/19/2005 | *** See Attorney Information Above *** |
| **Defendant/counterclaim**<br>Timothy J Fitzgerald, Building Inspector and Zoning Officer<br>Active 04/19/2005 | **Private Counsel 561397**<br>Robert W Galvin<br>10 Enterprise Street<br>Suite 3<br>Duxbury, MA 02332-3315<br>Phone: 781-934-5678<br>Fax: 781-837-1030<br>Active 04/19/2005 Notify |
| **Defendant/counterclaim**<br>Town of Norwell<br>Active 04/19/2005 | *** See Attorney Information Above *** |

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 12/27/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 12/27/2004 | | Origin 1, Type E99, Track X. |
| 03/29/2005 | 2.0 | SERVICE RETURNED: Hiram N. Pan (Defendant) |
| 03/29/2005 | 3.0 | SERVICE RETURNED: Susan Pan (Defendant) |
| 04/11/2005 | 4.0 | ANSWER: Hiram N. Pan and Susan Pan (Defendants) |
| 04/11/2005 | | COUNTERCLAIM of Hiram N. Pan and Susan Pan v Timothy J. Fitzgerald, Building Inspector & Zoning Officer Town of Norwell and Town of Norwell |
| 04/19/2005 | 5.0 | ANSWER by Timothy J. Fitzgerald, Building Inspector & Zoning Officer Town of Norwell and Town of Norwell (defts in counterclaim) to COUNTERCLAIM of Hiram N. Pan and Susan Pan (pltffs in counterclaim) (jury claim reqstd) |
| 05/05/2005 | 6.0 | Notice for Removal to the United States District Court filed by Hiram |

Commonwealth of Massachusetts
PLYMOUTH SUPERIOR COURT
Case Summary
Civil Docket

## PLCV2004-01536
## Fitzgerald, Building Inspector & Zoning Officer Town of Norwell et al v Pan et al

| Date | Paper | Text |
|---|---|---|
| | 6.0 | N. Pan, Susan Pan |
| 05/05/2005 | 7.0 | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

A TRUE COPY ATTEST
Francis R. Powers
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10915

04-1536

TIMOTHY J. FITZGERALD, as he is the Building Inspector and Zoning Officer of the Town of Norwell and The TOWN OF NORWELL,
Plaintiffs/Defendants in Counterclaim

VS.

HIRAM N. PAN AND SUSAN PAN
Defendants/Plaintiffs in Counterclaim

**WRITTEN NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §1446(d)**

A Notice of Removal of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Plymouth County, to the United States District Court for the District of Massachusetts (a copy of which Notice is filed herewith) was duly filed on May 4, 2005, in the United States District Court for the District of Massachusetts. A copy of the Notice of Removal, certified by the United States District Court for the District of Massachusetts, having been duly filed with the Clerk for the Superior Court of the Commonwealth of Massachusetts, Plymouth County, in accordance with 28 U.S.C. §1446(d), the Superior Court shall proceed no further herein unless and until the case is remanded.

Respectfully submitted,

The Plaintiffs/Defendants-in-Counterclaim
By their attorneys,

Leonard H. Kesten, BBO#542042
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

A TRUE COPY ATTEST
CLERK

Dated: 4-4-05

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on

1

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
C.A. NO. 04-1536 B

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY
DEC 27 2004
CLERK

******************************
TIMOTHY J. FITZGERALD as he is the Building Inspector and Zoning Officer of the Town of Norwell and the TOWN OF NORWELL,
Plaintiffs,

v.

HIRAM N. PAN and SUSAN PAN,
Defendants.
******************************

VERIFIED COMPLAINT

INTRODUCTION

The instant action is commenced by the Building Inspector/Zoning Officer of the Town of Norwell, Timothy J. FitzGerald and the Town of Norwell under the authority of General Laws, Chapter 40A, §7, against residential homeowners, Hiram N. and Susan Pan, who have completed the construction of swimming pool at their property at 793 Main Street, Norwell, Massachusetts in violation of the Norwell zoning bylaws which preclude persons from constructing pools within 50 feet of any boundary line of a lot abutting a street or way. The plaintiffs are seeking to compel the removal of the swimming pool and zoning violation.

$275 / 10 / $285

JURISDICTION

This court has jurisdiction over the instant matter pursuant to Gen. L. c. 40A. §7.

PARTIES

1. The plaintiff, Timothy J. FitzGerald, is an individual employed by the Town of Norwell, and is the current duly appointed Building Inspector/Zoning Officer a/k/a Zoning Enforcement Officer for the Town of Norwell, Massachusetts. Mr. FitzGerald has an office within the Building Department which is located at 345 Main Street, Norwell, Plymouth County, Massachusetts. This suit is brought by Mr. FitzGerald in his capacity as Zoning Enforcement Officer.

2. The plaintiff, Town of Norwell, is a municipal corporation, organized and existing under the laws of the Commonwealth of Massachusetts and has a usual place of business at 345 Main Street, Norwell, Plymouth County, Massachusetts 02061.

3. The defendants, Hiram N. Pan and Susan Pan, are individuals residing at 793 Main Street, Norwell, Plymouth County, Massachusetts.

4. Pursuant to Section 1210 of the Norwell zoning bylaws, enforcement authority is delegated to the Building Inspector/Zoning Officer.

FACTUAL BASIS

5. Sometime on or about the May of 2004, the defendants, Hiram and/or Susan Pan, approached town officials, including the Conservation Agent, about locating a pool at the property at 793 Main Street in Norwell, Massachusetts.

6.     As a result of this communication, the Norwell Conservation Agent, made a site visit to 793 Main Street, Norwell, Massachusetts and as a result thereof advised the Pans that they would need to file with the Conservation Commission in order to locate the pool to the rear of the home.

7.     On or about June 28, 2004, the Hiram and/or Susan Pan submitted an Application for a Building Permit to the Building Department to construct a swimming pool at the property at 793 Main Street, Norwell, Massachusetts.     A true and accurate copy of the Building Permit Application is attached hereto as Exhibit A (a plot plan accompanying the permit application is missing from the Building Department file).

8.     The property known as and numbered 793 Main Street, Norwell, Massachusetts is situated in Norwell's Residential District A and has frontage on both Main Street and Winter Street and thus is referred to as a "corner lot".

9.     The building permit application indicates that the proposed swimming pool would be located in the side yard area of the home 30 feet from a side boundary line of the property.

10.     The plot plan which was originally submitted does not identify 793 Main Street as a corner lot and did not indicate that property was bounded also by Winter Street on the side that the Pans desired to construct the swimming pool.

11. Based on the information contained in the permit application and in reliance on the plot plan, on or about June 28, 2004, the Building Inspector, Timothy J. FitzGerald, issued the permit authorizing the construction of the swimming pool.

12. The Building Inspector was on vacation from July 1, 2004 to July 18, 2004.

13. On July 19, 2004, the Building Inspector/Zoning Officer, drove by the property at 793 Main Street, Norwell, Massachusetts and made observation of the pool (which was a one piece unit) on the ground and the excavation work in progress. At this time, he observed that the property was a corner lot and that the pool was being installed too close to Winter Street and in violation of the Norwell zoning bylaws.

14. Article II, Section 2441 of the Norwell zoning bylaws provides in relevant part as follows:

***2441. Front Yard. No building and/or structure shall be erected, placed or added to so as to extend within the following required front yards:***

| ***Measured from:*** | ***Front Property Line*** | ***Way Centerline*** |
|---|---|---|
| ***Residential A*** | ***50 feet*** | ***75 feet*** |

. . .

***The front yard setback in each district shall apply to any boundaries of lots which abut and run with a street or way.***

15. Article V, Definitions of the Norwell zoning bylaws provides in relevant part as follows:

***STRUCTURE: Anything constructed or erected, the use of which requires a fixed location on the ground or attached to something located on the ground including tennis courts, and an artificial or a constructed swimming pool having a depth of water of two (2) feet, but excluding a fence, boundary wall . . . .***

16. Forthwith upon making these observations, on July 19, 2004, before the pool was installed in the ground, the Building Inspector directed the Pans to stop work on the pool due to its violation of the setback requirements.

17. On August 4, 2004, the Building Inspector issued a written stop work order prohibiting further construction on the pool which said order was sent to the Pans by certified mail.

18. Sometime in August 2004, after the Pans had completed the pool, Hiram Pan indicated to the Building Inspector that he was not asked to show cross streets on his building permit application or plot plan and therefore he did not show them.

19. On or about August 12, 2004, the Norwell Zoning Board of Appeals received an application dated August 9, 2004 for a dimensional variance from the Town of Norwell Zoning Board of Appeals in order to keep the pool in its constructed location.

20. Public hearing on the Pans' application were held on September 15, 2004 and September 22, 2004 during which the Board of Appeals members, after hearing the initial presentation, requested during that Hiram Pan, provide evidence relating to the

uniqueness of the soils, shape or topography of the property at 793 Main Street, Norwell, Massachusetts which was an essential element necessary for a variance.

21.     On September 22, 2004, the public hearing process was left open by the Board of Appeals until October 20, 2004 in order for Hiram Pan to provide additional evidence relating to this issue or any other element of the variance he was seeking.

22.     Sometime prior to the October 22, 2004 continued public hearing, Hiram Pan requested a continuance of the hearing date as a result of his inability to be present for the hearing.     Thereafter, Hiram Pan, submitted a written request to allow the withdrawal of his application for a variance.

23.     Rather than proceeding on October 22, 2004, the Zoning Board of Appeals continued the matter until November 3, 2004.

24.     On November 3, 2004, Hiram Pan appeared before the Zoning Board of Appeals with counsel, Richard Serkey, Esq. and requested the ability to withdraw his variance application without prejudice to his right to re-file.     Attorney Serkey explained that the Pans were investigating alternatives to solve the issue and the Zoning Board of Appeals consented to the withdrawal of the application.

25.     Since November 3, 2004, the Pans have written to numerous town officials alleging discrimination, unequal treatment, offering hypothetical solutions and

demanding that the Town of Norwell provide them with the proper solution to this problem.

26.    The defendant, Town of Norwell, denies any discrimination, unequal treatment and is not in a position to provide legal advice to the Pans as to how best to solve their zoning issue.

27.    On November 15, 2004, the Zoning Board of Appeals notified the Pans that they still have a zoning violation which must be addressed.

28.    To date, despite repeated requests, the Pans have not remedied the zoning issue resulting from the improper installation of the pool.

30.    The enforcement of the bylaws promotes the public interest and the zoning bylaws were enacted by the town in order to preserve the public interest and protect against uses which were believed to be deleterious or otherwise offensive.

COUNT I

MASS. GEN. L. c. 40A, Section 7

31.    The plaintiffs repeat and reallege paragraphs 1 through 30 above, as if expressly forth and incorporated herein, by reference.

32. The defendants, Hiram Pan and Susan Pan, have refused and neglected to obey numerous verbal and written orders by the Building Inspector/Zoning Officer to cease the uses which are violative of the bylaws with respect to pool.

33. The defendants, Hiram Pan and Susan Pan, have in addition withdrawn their application for a variance which, if granted, would legalize the existence of the pool in its present location.

34. The erection of a pool within 50 feet of Winter Street at 793 Main Street, Norwell, Massachusetts violates the Norwell zoning bylaws.

35. The defendants' actions are injurious and offensive to the language of the bylaws, the spirit and intent of the bylaws, public interest and public good.

36. The defendants' have violated numerous provisions of Massachusetts State Building Codes by failing to heed oral and written stop work orders, failing to obtain the necessary approvals and inspections and failing to comply with written requests to cease or to terminate code violations.

WHEREFORE the plaintiffs demand the following relief:

(1) that this Court enter an order, temporarily, preliminarily and permanently restraining the defendants, Hiram and Susan Pan, from further violations of the bylaws as aforesaid;

(2) that this Court enter judgment in the favor of the plaintiffs on Count I concerning the violations as set forth herein;

(3) that this Court enter an order requiring the removal of the offending pool structure; and

(4) that this Court enter such other and further relief as this Court deems just and equitable, including costs, interest and reasonable attorneys' fees.

Dated: 27-Dec-04

Respectfully Submitted,
TIMOTHY J. FITZGERALD as he is the Building Inspector/Zoning Officer of the Town of Norwell and the TOWN OF NORWELL,
By its Town Counsel,

Robert W. Galvin, Esq.

A TRUE COPY ATTEST
CLERK

Galvin & Galvin, SP
10 Enterprise St., Ste. 3
Duxbury, MA 02332-3315
(781) 934-5678
BBO # 561397 (RWG)

VERIFICATION

I, Timothy J. FitzGerald, hereby swear under oath that I have read the foregoing allegations and state that they are true to the best of my knowledge, information and belief.

Dated: 12/27/2004

Timothy J. FitzGerald

RECEIVED
APR 11 2005
PLYMOUTH SUPERIOR COURT

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPATMENT
OF THE TRIAL COURT
C.A. NO. PLCV2004-01536-B

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY
APR 11 2005
CLERK

TIMOTHY J. FITZGERALD as he is the Building Inspector and Zoning Officer of The Town of Norwell and the TOWN OF NORWELL,
Plaintiffs,

v.

HIRAM N. PAN AND SUSAN PAN,
Defendants.

ANSWER AND COUNTERCLAIM OF
HIRAM N. PAN AND SUSAN PAN

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. It is admitted that the Pans submitted an Application for a Building Permit to the Building Department to construct a swimming pool at the property at 793 Main Street, Norwell, Massachusetts on or about June 28, 2004. The defendants are without knowledge or information sufficient to form a belief as to the truth that the plot plan accompanying the permit application is missing from the Building Department file.

8. Admitted.

9. Admitted.

10. Admitted.

11. The defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11 of the complaint, which averments are therefore denied.

12. Admitted.

13. It is admitted that the Building/Zoning Officer drove by the property at 793 Main Street, Norwell, Massachusetts some time in July, 2004 and observed that the property was a corner lot and that the pool was installed too close to Winter Street in violation of the Norwell Zoning bylaws. The remaining averments regarding the date of such visit and status of work in progress at the time are denied.

14. Admitted.

15. Admitted.

16. Denied.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. It is admitted that the Pans have written to numerous town officials alleging discrimination, unequal treatment. The remaining averments of paragraph 25 are denied.

26. The defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 26 of the complaint, which averments are therefore denied

27. Admitted.

28. Denied.

30. Admitted.

COUNT I

31. The responses set forth in paragraphs 1 through 30 hereof are incorporated herein by reference.

32. Denied.

33. Denied.

34. Admitted.

35. Denied.

36. Denied.

FIRST AFFIRMATIVE DEFENCE

As a result of the damage and injury inflicted on defendants by plaintiffs, defendants feel they can no longer maintain a profitable law practice and healthy social exchange in Norwell, Massachusetts. As a direct result, defendants are selling their home at 793 Main Street, Norwell, Massachusetts and relocating. Defendants have removed the offending pool and are no longer violating Norwell's corner lot set back requirements.

WHEREFORE the defendants pray that the current action be dismissed.

COUNTERCLAIM

1. The plaintiffs-in-counterclaim, Hiram N. Pan and Susan Pan, are individuals residing at 793 Main Street, Norwell, Massachusetts. Hiram N. Pan is an attorney of Chinese descent with a practice in Norwell, Massachusetts.

2. The defendant-in-counterclaim, Timothy J. Fitzgerald, is an individual employed by the Town of Norwell, and is the current duly appointed Building Inspector/Zoning Officer a/k/a Zoning Enforcement Officer for the Town of Norwell, Massachusetts. Mr. Fitzgerald has an office within the Building Department which is located at 345 Main Street, Norwell, Massachusetts.

3. The defendant-in-counterclaim, Town of Norwell, is a municipal corporation, organized and existing under the laws of the Commonwealth of Massachusetts and has a usual place of business at 345 Main Street, Norwell, Massachusetts.

4. On or about June 25, 2004, Hiram N. Pan submitted an application for a Building Permit to the Building Department to construct a swimming pool at the property at 793 Main Street, Norwell, Massachusetts. Prior to submitting said application Hiram Pan reviewed the entire application, including the plot plan, with the Building Department's Clerk. Hiram Pan was informed by the Building Inspector prior to submitting the application that he needed a 20 foot set back from any side line. No other qualification was given. At no time was Mr. Pan told he needed to supply a certified plot plan or that his application was deficient in any manner.

5. The plot plan submitted with the Application for the Building Permit consisted of an "As Built" septic layout which showed the house at 793 Main Street and the location of the septic system. The Pans drew in the proposed pool and indicated the setbacks from the property lines. They were informed by the building inspector's clerk that the "As Built" plan was fine and acceptable. Mr. Pan was informed that he should submit his application expeditiously as the Building Inspector was leaving for a three week vacation.

6. The Application for a Building Permit provided by the Town of Norwell does not indicate that a certified plot plan is required to be submitted with the application nor does the application instruct the applicant to provide locations of wetlands, septic systems, cross streets, or require the applicant to identify his property as a "corner lot".

7. M.G.L. c. 143, § 54A provides in relevant part as follows:

**Section 54A. No officer, board or commission of the commonwealth, or of any city, town or district, charged with the enforcement of the state building code or laws, by-laws, ordinances, rules or regulations relating to the construction, reconstruction, enlargement or alteration of buildings or structures, shall accept or apprcve any plans or specifications that do not bear the seal of registration of an architect or a professional engineer, unless the plans and specifications are not required to be prepared by a registered architect or by a registered engineer, as set forth in section sixty L and eight-one R, respectively, of chapter one hundred twelve;...**

8. On or about June 28, 2004, a Building Permit was issued to Hiram N. Pan by Mr. Fitzgerald. Mr. Pan was informed by the Building Inspector's Clerk that the Permit was issued so quickly because Mr. Fitzgerald was leaving on vacation and cleared his desk before his departure.

9. Construction of the pool commenced on or about July 16, 2004 and was substantially completed during the third week of July, 2004 as indicated by the copies of paid invoices attached hereto as Exhibit A.

10.    On July 22, 2004 the Building Inspector drove by the property at 793 Main Street, Norwell, Massachusetts. The Pans were not home at the time of this visit. According to statements made by the employees of Cherry Hill Pools, a Massachusetts corporation with a principal place of business in Pembroke, Massachusetts, who were installing the pool at the time, Mr. Fitzgerald was agitated and upset to discover that the Pan's property was a corner lot. Cherry Hill states that the pool was all ready in the ground when Mr. Fitzgerald came on the property and that after Mr. Fitzgerald calmed down, he simply told Cherry Hill to tell Mr. Pan to come and see him when he returned home and to tell him not to worry because he could get a variance.

11.    Construction of the pool was substantially completed by the time Hiram N. Pan and Susan Pan returned to the property at 793 Main Street, Norwell, Massachusetts on July 22, 2004. The pool was in the ground, all plumbing connections were made, the pool was filled with water and the pumps were running.

12.    On July 22, 2004, Mr. Pan and an employee from Cherry Hill went to see the Building Inspector at Town Hall, at which time Mr. Fitzgerald informed Mr. Pan that he had made a mistake granting the permit. Mr. Fitzgerald admitted that although he drives by 793 Main Street, Norwell, Massachusetts on a daily basis he did not remember that the property was a corner lot and requested that Mr. Pan apply for a variance. Mr. Fitzgerald informed Mr. Pan that he would right a letter to the Zoning Board of Appeals explaining his culpability and proceeded to advice Mr. Pan to get as much work done as possible on the pool because it would make it easier for Mr. Pan to obtain a variance. Mr. Pan informed Mr. Fitzgerald that the pool was substantially completed and that there was little work to be done.

13.    The Building Inspector, Timothy J. Fitzgerald claimed on many occasions that the reason for his mistake was the fact that the Pans had failed to label Winter Street on the plot plan submitted with their Application for a Building Permit. In actuality, had Mr. Fitzgerald not violated M.G.L. c. 143, § 54 A, by accepting a plot plan other than one bearing the seal of a registered engineer, the Building Permit would not have been issued on June 29, 2004 and the Pans would not have expended the money, time and effort to install their pool in its present location.

14.    The Building Inspector, Timothy J. Fitzgerald states in his Complaint (C.A. No. 2004-01536-B) that he directed the Pans to stop work on the pool before the pool was installed in the ground.

15.    At the March 16, 2005 meeting of the Zoning Board of Appeals for the town of Norwell, Massachusetts, the Building Inspector admitted that neither Hiram N. Pan or Susan Pan were home at the time he visited the site on July 22, 2004 and now claimed that he issued a verbal work stop to an employee of the pool

company while the pool was suspended from a crane. This new version of events utterly contradicts the allegations made in the suit filed by Mr. Fitzgerald previously. The Building Inspector further admitted that he never gave a verbal work stop order to Hiram N. Pan or Susan Pan. Although numerous requests have been made by the Pans' attorney to receive a copy of the transcript of this meeting of March 16, 2005, to date no transcript has been prepared or forwarded to the Pans despite the requirement that transcripts of Zoning Board meetings shall be completed within 10 days of each meeting.

16.     780 CMR contains the Massachusetts State Board of Building Regulations and Standards. 780 CMR 119.2 provides in relevant part as follows:

**119.1 Notice to owner: Upon notice from the building official that work on any building or structure is being prosecuted contrary to the provisions of 780 CMR or in any unsafe and dangerous manner or contrary to the approved construction documents submitted in support of the building permit application, such work shall be immediately stopped. The stop work order shall be in writing and shall be given to the owner's agent, or to the person doing the work; and shall state the conditions under which work will be permitted to resume.**

17.     From July 19, 2004 to August 4, 2004, the Building Inspector drove by the property at 793 Main Street, Norwell, Massachusetts on a daily basis and observed that work was continuing on the pool.

18.     The Building Inspector did not contact Hiram N. Pan or Susan Pan until August 4, 2004 when an official written work stop order was mailed to the Pans by certified mail. The Building Inspector did not feel it important or urgent enough to have the work stop order issued for two more weeks.

19.     780 CMR contains the Massachusetts State Board of Building Regulations and Standards. 780 CMR 118.6 provides in relevant part as follows:

**118.6 Notice or orders, service and content: Every notice or order authorized by 780 CMR shall be in writing and shall be served on the person responsible:**
**1.     personally, by any person authorized by the building official; or**
    **...**
**3.     by sending the party responsible a copy of the order by registered or certified mail return receipt requested, if he is within the Commonwealth; or ...**

20.     No further work to the pool was done by the Pans after August 4, 2004 pursuant to the written work stop order. The only work that continued on the property was the erection of a safety fence around the pool area to protect the Pans' 6 year old child. The work stop order also cited the Pans for not having a barrier fence that met code.

21.    On or about July 30, 2004, the Pans hired carpenter Henry Joseph an individual with a principal place of business in Abington, Massachusetts to construct an outdoor room for them. Mr. Joseph informed the Pans that the Building Inspector had refused to issue a Building Permit for this construction until the Pans applied for a Variance for their pool. Given that a renovation of their historic home was underway and other vendors needed permits the Pans felt that they were unduly pressured to commence an application for a variance.

22.    On or about August 9, 2004 the Pans applied for a Variance with the Norwell Zoning Board of Appeals. The variance application was accepted with all of the original documents including the "As Built" septic plan referenced above and not a Certified Plot Plan. The initial hearing held on September 15, 2004 was continued to allow the Board Members to drive by the property. The next hearing held on September 22, 2004 was continued and Mr. Pan was instructed to provide proof of hardship of topography. Mr. Pan was also advised to hire a land use attorney and engineer.

23.    Prior to the September 15, 2004 meeting of the Zoning Board of Appeals, Mr. Pan repeatedly requested a copy of the letter the Building Inspector promised he would supply to the Zoning Board of Appeals explaining his culpability. The Building Inspector reneged on his promise to provide such a letter.

24.    The Pans contacted Mr. Paul Marabido, an engineer currently employed with Ross Engineering having a usual place of business at in Norwell, Massachusetts to discuss hiring Mr. Marabido to begin engineering and survey work. Prior to commencing any such work, Mr. Marabido informed Mr. Pan that he was present when Ms. Lois Barbour, the Chairperson of the Zoning Board of Appeals stated in an ex parte conversation that she did not believe a hardship existed and would not grant Mr. Pan's variance. Mr. Marabido suggested that the Pans not waste their money if Ms. Barbour did not intend to grant the variance.

25.    On or about the second week of October, 2004, Mr. Pan met with the Building Inspector at which time the Building Inspector suggested that the Pans could alleviate any zoning non-compliance related to a dual frontage, by creating a one foot wide non-buildable lot adjoining Winter Street. The Building Inspector explained that by creating such a non-buildable lot, the Pan's property would no longer be considered a corner lot and would not require a 50 foot set back.

26.    Mr. Pan attempted on numerous occasions to have the Building Inspector and/or the Town Counsel confirm that if Mr. Pan submitted the non-buildable lot plan, it would be approved by the Building Inspector in his capacity as Zoning Enforcement Officer. No less than five calls by Mr. Pan's attorney were also made to confirm if this new plan would be acceptable to the zoning

officer. Even though Mr. Pan followed proper protocol by putting the request in writing to the Building Inspector, the Building Inspector and Town Counsel refused to answer.

27.    Upon advice of counsel, the Pans withdrew their application for a variance based upon the ex parte comments of Ms. Barbour and the inability to obtain any answers from the Building Inspector or Town Counsel.

28.    Since November 3, 2004, the Pans have written numerous letters to the Selectmen requesting their assistance and questioning why the Pans were not being treated like other residents of Norwell who brought similar issues before the Zoning Board of Appeals.

29.    On or about December 16, 2004 Susan Pan had a conversation with Norwell Town Counsel, Robert W. Galvin. Ms. Pan expressed her frustration with Town officials and stated that she and Mr. Pan were contemplating cooperating with a Boston Globe reporter who had contacted the Pans about their Pool situation. Mr. Galvin told Ms. Pan that if she embarrassed town officials she would get nowhere. Mrs. Pan asked if this comment was a threat and was told no but simply the facts.

30.    On or about December 19, 2004 the Pans cooperated with the Boston Globe in the writing of an article outlining the issues they were experiencing and questioning what they felt was unequal treatment by town officials.

31.    On or about December 28, 2004, the Pans were provided with a copy of a Complaint by the Town of Norwell's Counsel, Robert W. Galvin, which was filed but not served.

32.    On December 20, 2004, one day after the Boston Globe article was published, Mr. Mark Burns of 38 South Street, Norwell Massachusetts contacted the Building Inspector by telephone to inquire as to the Pans' situation and allegations of possible racisim. The Building Inspector told Mr. Burns that he had received many calls that day regarding the Pans and told Mr. Burns that there was a lot he didn't know about this situation and went on to inform Mr. Burns that the Pans were litigious and had sued the Town of Cohasset and also stated that Mr. Pan had falsified documents relating to the building permit. It was later learned that these comments caused Mr. Burns, a former client of Mr. Pan, to question Mr. Pan's character. These disparaging false comments were made solely to cause harm to the Pan family and Mr. Pan's character and new practice. Many citizens learned of these comments and contacted the Pans.

33.    Mr. Pan has never sued the Town of Cohasset and did not falsify his application for a Building Permit.

34.   On or about December 23, 2004, the Pans received a letter from the Building Inspector stating that he would not approve his own suggested plan regarding the creation of a non-buildable lot.

35.   At this time Mr. Galvin spoke to Mr. Pan and said he would serve the lawsuit if a variance was not reapplied for and a new attorney brought on board to negotiate a settlement.

36.   On or about January 3, 2005, the Pans' attorney, Michael Perry, Esq. was contacted by Norwell's Town Counsel, Mr. Robert W. Galvin and informed that if the Pan's wrote a letter to the members of the Zoning Board of Appeals and other town officials apologizing for the article in the Boston Globe and stating that the Pan's did not believe that Norwell's town officials were racists, then the Norwell Selectmen would exert pressure on the Zoning Board of Appeals to approve the Pan's application for a variance. Mr. Galvin also indicated that the two members of the Zoning Board who appeared to be against granting a variance to the Pans would recuse themselves from the meeting and two alternated would take their place.

37.   The Pans refused to write the type of letter requested and would only submit a letter apologizing for the fact that certain private discourse had been made public and certain quotes were taken from private letters and used in the article, unbeknownst to them. The Pans stated that many of the statements in the article were taken from letters sent to the Selectmen and were never intended to be part of the article. They then stated that they never intended to imply that any particular member of the Zoning Board of Appeals was a racist but rather questioned the general attitude toward them and events.

38.   The Pans reapplied for a variance sometime in January, 2005 to allow them to keep their pool in its present location. The Pans submitted the same Variance Application documents which they had submitted in August 2004. The Pans were informed by the Clerk for the Zoning Board of Appeals that the documents that were accepted in August 2004 were no longer acceptable. The Pans were told that they now needed a certified plot plan. In short the town had changed its own criterion for what pool plan was now acceptable even for the purposes of the variance application.

39.   On or about late February, 2005, the Pans' attorney, Michael Perry, Esq. was informed by Norwell Town Counsel, Robert W. Galvin that their apology letter was unsatisfactory. The Pans refused to provided any additional apology letters to the Town or recant their suspicion of a general sense of bias and unfair treatment.

40.   The Pans had their property surveyed by Merill Associates, and hired Attorney Jon Davis to represent them at their hearing spending in excess of $4,000.00 for such services.

41. Prior to their variance hearing before the Zoning Board of Appeals, the Pans attempted to gather information to indicate that they met the requirements for a variance, namely that because of hardships of topography the pool could not be sited elsewhere on the property. The Pans believed that wetlands on their property were more extensive than first believed. This fact would have helped the Pans bolster their claim of hardship. The Pans were told by a wetlands specialist that only the Norwell Conservation Agent could determine if several pockets of wetlands were continuous to the larger area of wetlands. The Conservation Agent informed the Pans that Town Counsel had instructed her not have any contact with the Pans. No determination from the Town was ever given. No town official was allowed to come onsite or speak with the Pans. The very hardship that the Pans were asked to prove was impossible to ascertain due to the ongoing retaliation by the town.

42. On March 16, 2005, Mr. Pan and his land use attorney, Jon Davis, Esq. presented their case before the Zoning Board of Appeals. As represented by Town Counsel, Robert W. Galvin, Ms. Lois Barbour and Mr. Philip Brown recused themselves and were replaced by alternate members. Despite Mr. Davis' thorough presentation and overwhelming support of all of the Pan's abutters, their application for a variance was rejected.

43. At the March 16, 2005 meeting of the Norwell Zoning Board of Appeals, the Building Inspector, stated on the record for the first time that he gave a verbal work stop order to an employee of the pool company, that he never gave such a verbal work stop order to either Hiram or Susan Pan and that the pool was hanging from a crane at the time he gave the verbal work stop order. The Building Inspector further stated that although he continued to observe the pool installation after his verbal work stop order, he did not contact the Pans until August 4, 2005 at which time an official written work stop order was mailed to the Pans.

44. As a result of the hostile environment created by the Town of Norwell, the Pans feel they can maintain a profitable law practice and healthy social exchange in Norwell. On April 7, 2005 the Pans listed their home for sale and have had the offending swimming pool removed in order to allow them to sell their home.

COUNT I

SLANDER

45. The plaintiffs repeat and reallege paragraphs 1 through 44 hereof as if expressly incorporated herein by reference.

46. The defendant, Timothy J. Fitzgerald, knowingly published false statements regarding Hiram N. Pan.

47. The false statement made by defendant Timothy J. Fitzgerald to former clients of Mr. Pan and others, that Mr. Pan falsified documents constitutes slander per se as it imputes to Mr. Pan conduct and characteristics incompatible with the proper performance of Mr. Pan's profession as an attorney practicing in the Town of Norwell.

48. Mr. Pan has suffered general damages as a result of Mr. Fitzgerald's slanderous remarks. Mr. Pan has suffered a noticeable fall off of referrals and lack of response from certain clients. Several social contacts of Mrs. Pan have asked her if indeed Mr. Pan is involved in a lawsuit or suits with other towns. They have asked if any portion of the pool application was not done properly. One acquaintance even mentioned that her husband asked her how well do we really know these people. The consequences have been so damaging to the Pan family and Mr. Pan's new practice that on April 7, 2005 the Pans listed their home for sale and feel a profitable law practice and healthy social exchange would not be possible in the town of Norwell.

WHREFORE the plaintiffs pray that the Court:

(a) enter judgment in the favor of the plaintiffs and award plaintiffs damages in the amount of $150,000.00.
(b) grant the plaintiffs such further relief as the Court deems just and equitable including costs, interest and reasonable attorneys' fees.

COUNT II

GROSS NEGLIGENCE

49. The plaintiffs repeat and reallege paragraphs 1 through 44 hereof as if expressly incorporated herein by reference.

50. The Building Inspector, Timothy J. Fitzgerald issued a Building Permit to Hiram N. Pan for the construction of a pool at 793 Main Street, Norwell, Massachusetts despite the fact that Mr. Fitzgerald alleges the Application was incomplete.

51. The Building Inspector, Timothy J. Fitzgerald, accepted a hand drawn, "As Built" septic plot plan and granted a Building Permit based upon this plan despite the requirements of the Massachusetts State Board of Building Regulations and Standards (780 CMR 110.10) and Massachusetts State Law (M.G.L. c. 143, §54A) that all Building Permit Applications includes a site plan bearing the seal of a registered architect or engineer.

52. The Building Inspector, Timothy J. Fitzgerald failed to properly examine the Application or look up the property on readily available assessors maps and

simply granted the Permit in an effort to clear his desk prior to his leaving on vacation.

53.     The Building Inspector, Timothy J. Fitzgerald states in his Complaint (C.A. No. PLVC2004-01536-B) that he issued a work stop order to the Pans prior to the pool be placed in the ground.

54.     The Building Inspector, Timothy J. Fitzgerald stated at Mr. Pan's March 16, 2005 Zoning Board of Appeals hearing that he gave a verbal work stop order only to a pool company employee on or about July 22, 2004 and claims that the pool was hanging from a crane at the time. He admits that neither Hiram N. Pan nor Susan Pan was home during this visit and that no verbal work stop order was ever given to the Pans.

55.     Cherry Hill Pools' owner, Mr. James McGill, an individual with a principal place of business in Pembroke, Massachusetts, claims that no work stop order was ever given to his employees by Mr. Fitzgerald.

56.     Mr. Pan and Cherry Hill Pools claim that Mr. Fitzgerald instructed Mr. Pan to complete as much work as possible in order to get a variance.

57.     The Building Inspector, Timothy J. Fitzgerald has admitted that he never gave Hiram N. Pan or Susan Pan a work stop order until August 4, 2004. All work was substantially complete prior to the end of July, 2004.

58.     Despite his realization that the intended pool location was in violation of the town of Norwell's zoning by-laws, and the fact that he allegedly issued a verbal work stop order to the pool company, Mr. Fitzgerald continued to observe the daily installation of the pool and did not contact Hiram N. Pan or Susan Pan about the violation and work stop until August 4, 2004, almost two weeks from the date he allegedly gave a verbal work stop order to the pool employee.

59.     The Building Inspector, Timothy J. Fitzgerald either failed to give a verbal work stop order as he alleges and encouraged the Pans to continue with the installation of their pool to their detriment or gave a verbal work stop order only to the pool installer prior to the pool being installed and made no effort to inform the Pans of such a work stop for almost two weeks despite his daily observation of continued work being done.

60.     The Building Inspector, Timothy J. Fitzgerald has made errors in the granting of a Building Permit and the enforcement of the Zoning By-laws where no discretion is allowed. As stated M.G.L. c. 143, §54A, no officer charged with the enforcement of building codes and by-laws shall accept any plans unless said plans bear the seal of a registered architect or engineer. As stated in 780 CMR all work stop orders must be in writing. Mr. Fitzgerald knowingly

granted a Building Permit based upon an incomplete Application and later disregarded the requirements of 780 CMR and decided a verbal work stop was good enough. Mr. Fitzgerald has contradicted himself on numerous occasions giving numerous versions of his actions and has taken proactive steps to cover up his negligence including slandering Mr. Pan. Mr. Fitzgerald's actions constitute gross negligent.

61. As a direct result of Mr. Fitzgerald's gross negligence, the Pans have suffered the loss of the swimming pool, all equipment, surrounding deck and barrier fence, all labor costs related thereto as well as the decimation of the Pans property caused by the removal of the swimming pool and the diminution in value to their home.

WHEREFORE the plaintiffs pray that the Court:

(a) enter judgment in the favor of the plaintiffs and award plaintiffs damages in the amount of $50,000.00.

(b) grant the plaintiffs such further relief as the Court deems just and equitable including costs, interest and reasonable attorneys' fees.

COUNT III

VIOLATION OF CIVIL RIGHTS

62. The plaintiffs repeat and reallege paragraphs 1 through 44 hereof as if expressly incorporated herein by reference.

63. The Pans believed that they were the victims of unequal treatment and bias and informed Norwell Town Counsel, Robert W. Galvin that they were going to cooperate with the Boston Globe in the writing of an upcoming article. The Pans had many disparaging remarks made by town officials reported to them via Norwell citizens. The Pans were accused of stealing files by the zoning secretary when they requested to view their file. In short the Pans began to feel something else was at play other than the town refusing to own its mistake.

64. The Pans were informed that they would not get favorable treatment by the town if they cooperated with the article and embarrassed town officials.

65. One week after the Boston Globe article ran, the Pans were presented with a copy of complaint filed with this court, and were encouraged to write a letter of apology to the members of the Zoning Board of Appeals in order to gain favorable treatment by the Selectmen and the Zoning Board of Appeals.

66. The Pans were informed that their apology letter was not sufficient and their request for a variance was ultimately rejected.

67.    Shortly after the Boston Globe article ran, Mr. Pan was slandered by the Building Inspector as set forth above. Even after corroboration of this slander was presented to the Town Counsel and the Selectmen by a citizen of Norwell, no action was taken and this slander was allowed to continue unfettered.

68.    Shortly after the Boston Globe article ran, the Building Inspector informed the Pans that he would not approve the plan he originally suggested to create a non-buildable lot in order to avoid the need for a variance.

69.    The Pans have been retaliated against and punished by the Town of Norwell for exercising their First Amendment Rights and cooperating with the Boston Globe and forced to apologize for the article in exchange for favorable treatment.

WHEREFORE the plaintiffs pray that the Court:

   (a)    enter judgment in the favor of the plaintiffs and award plaintiffs damages in the amount of $50,000.00.
   (b)    grant the plaintiffs such further relief as the Court deems just and equitable including costs, interest and reasonable attorneys' fees.

Dated 8-April-05

                                        Hiram N. Pan and Susan Pan
                                        By their Counsel,


                                        Hiram N. Pan, BBO No.556712
                                        Law Office of Hiram N. Pan
                                        793 Main Street
                                        Norwell, MA 02061
                                        781-659-0801

SERVICE OF PROCESS

I Hiram N. Pan hereby certify that I caused a copy of the above Answer and Counterclaim to be served on the Plaintiff's attorney, Robert W. Galvin by Certified Mail Return Receipt Requested on March 11, 2005.

Hiram N. Pan, BBO No. 556712

A TRUE COPY ATTEST
CLERK